UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10062-CV-MARTINEZ
MAGISTRATE JUDGE REID

ERIC KINCAID LEE,

    Plaintiff,

v.

MONROE COUNTY DETENTION CENTER,
*et al.*,

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE
## RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983
**[ECF No. 1]**

### I. Introduction

Plaintiff, **Eric Lee Kincaid,** a pre-trial detainee, confined at the Monroe County Detention Center ("MCDC"), has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, arising from allegations that his right to privacy was violated on May 7, 2020. [ECF No. 1]. He sues the following Defendants: (1) MCDC and (2) MCDC Corrections Officer Travis D. Lockwood ("CO Lockwood"). [*Id.* at 1-2]. As discussed below, this Complaint should be DISMISSED for failure to state a claim upon which relief can be granted.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Plaintiff has previously been granted permission to proceed *in forma pauperis* ("IFP") [ECF No. 5] and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See*

*Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (per curiam).

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam) (citing *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam)).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand v. DeKalb Cty., GA,* 103 F.3d 1510, 1513 (11th Cir. 1997)). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678 (quotation and citation omitted); *Gonzalez v. Reno,* 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted). "Bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal,* 556 U.S. at 681 (quotation and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by . . . well-pleaded factual allegations." *Id.* at 679.

The court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011) (finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

### III. Discussion

#### A. Factual Allegations in Complaint

Plaintiff sues MCDC and CO Lockwood. [ECF No. 1 at 1-2]. Construing Plaintiff's arguments liberally, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam), Plaintiff claims that on May 7, 2020, Defendant CO Lockwood violated his "right to privacy" by taking Plaintiff's medical request form. [ECF No. 1 at 3]. Plaintiff further claims that prior to placing it in the "box," CO Lockwood read, signed, and dated it, in violation of MCDC policy. [*Id.*]. As relief, he seeks compensatory damages against CO Lockwood in the amount of $500,000.00, and further requests that CO Lockwood be fired. [*Id.* at 3]. Other than listing MCDC as a named Defendant, Plaintiff provides no allegations against this party.

**B. Failure to State a Claim**

1. <u>MCDC is Not Subject to Suit</u>

Plaintiff provides no facts or allegations against MCDC to support a claim upon which relief can be granted. To bring a viable § 1983 action against MCDC, MCDC must be an entity that is subject to being sued. *Dean v Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992).

MCDC is not a proper defendant in a case brought under 42 U.S.C. § 1983 because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. *Dean,* 951 F.2d at 1214. The capacity of a detention center like MCDC to be sued in federal court is governed by the law of the state in which the district court is located. *Faulkner v. Monroe Cty. Sheriff's Dep't,* 523 F. App'x 696, 701 (11th Cir. 2013) (per curiam); *Wilk v. St. Lucie County Fla. Sheriff Office,* 740 F. App'x 658, 662 (11th Cir. 2018) (per curiam) (citing *Dean,* 951 F.2d at 1214 and Fed. R. Civ. P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. *See generally,* Chapter 30, Fla. Stat. Thus, MCDC "is not a proper defendant in a suit for damages" as it "does not have the capacity to sue and be sued." *Wilk,* 740 F. App'x at 662 (citing *Fla. City Police Dep't v. Corcoran,* 661 So.2d 409, 410 (Fla. 3rd DCA 1995)).

Even so, when a § 1983 plaintiff sues a detention facility, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. *See e.g., Monell v. Dep't of Social Serv.,* 436 U.S. 658 (1978). Plaintiff identified MCDC, but does not articulate any custom, policy or practice. In fact, he makes no allegations whatsoever as to this named Defendant.

For the foregoing reasons, the Monroe County Detention Center must be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Dean,* 951 F.2d at 1214 (nothing that sheriff's departments and police departments are not legal entities subject to suit under § 1983); *Brannon*

*v. Thomas County Jail,* 280 F. App'x 930, n.1 (11th Cir. 2008) (per curiam) (affirming dismissal of county jail in § 1983 action nothing jail under Georgia state law is not considered a legal entity).

2. <u>Violation of Right to Privacy Against CO Lockwood</u>

Plaintiff alleges that CO Lockwood violated his right to privacy on May 27, 2020, when he received a medical request form from Plaintiff and then read, signed, and dated it prior to placing it in the appropriate medical request box. [ECF No. 1 at 3, 5]. Plaintiff states this violated MCDC policy. [*Id.*]. In an attached grievance form response, Plaintiff was advised that he may personally place his medical request form in the medical request box himself when he is "out of lockdown 1 hour each day." [*Id.* at 5].

In a May 14, 2020 grievance form, Plaintiff concedes he "gave" CO Lockwood the medical request form to place in the medical request box, but alleges this did not give CO Lockwood an "excuse" to read his request, regardless of whether he has an hour a day to place it in the box himself. [*Id.* at 7]. In response, Plaintiff was advised that medical request forms must be placed by the inmate in the medical request box located in each housing unit, and that they are <u>not</u> to be given to a deputy. [*Id.*] (emphasis in original).

The United States Supreme Court has recognized a constitutional interest in "avoiding disclosure of personal matters." *Whalen v. Roe,* 429 U.S. 589, 599 (1977). A right to privacy exists within the liberty component of the due process clause protected by the Fourteenth Amendment. *See Padgett v. Donald,* 401 F.3d 1273, 1280 (11th Cir. 2005) (citing *Roe v. Wade,* 410 U.S. 113, 152-53 (1973); *Plante v. Gonzalez,* 575 F.2d 1119, 1127 (5th Cir. 1978) (citing *Griswold v. Connecticut,* 381 U.S. 479 (1965)). Included in the guarantee of personal privacy are only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." *Roe,* 410 U.S. at 152 (citations omitted). The right to privacy has also been described as the "right to

confidentiality." *See James v. City of Douglas, Ga.,* 941 F.2d 1539, 1543 (11th Cir. 1991) (internal quotation marks and citation omitted).

The Eleventh Circuit Court of Appeals has also recognized that "prison inmates, in spite of their incarceration, 'retain certain fundamental rights of privacy.'" *Harris v. Thigpen,* 941 F.2d 1495, 1513 (11th Cir. 1991) (quoting *Houchins v. KQED, Inc.,* 438 U.S. 1, 5 n.2 (1978)); *Fortner v. Thomas,* 983 F.2d 1024, 1029 (11th Cir. 1993) (citing *Harris*, 941 F.2d at 1513 and *Houchins,* 438 U.S. at 5 n.2). However, the Eleventh Circuit commented that "the precise nature and scope" of the privacy right at issue in that case--the right to privacy in medical records, including HIV status--was "far from settled." *Harris,* 941 F.2d at 1513 n.26; *Fortner,* 983 F.2d at 1030 ("As stated previously, this Court has declined to define the precise parameters of a prisoner's constitutional right to privacy.").

In *Harris,* the Eleventh Circuit only "assumed arguendo that prisoners enjoy some significant constitutionally-protected privacy interest in preventing the non-consensual disclosure of their HIV-positive diagnoses to other inmates, as well as to their families and other outside visitors to the facilities in question." 941 F.2d at 1513. Thus, the court balanced "the limited persona privacy interests (assuming such exists) of the seropositive inmates, with those legitimate interests that underlie the [A]DOC's decision to segregate such inmates from the general prison population" by considering the following factors: (1) whether there is a "valid rational connection" between the regulation and legitimate government interest put forward to justify it;" (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates and the allocation of prison resources generally; and, (4) whether the regulation represents an "exaggerated response" to prison concerns. *Harris,* 941 F.2d at 1515- 21 (quoting *Turner v. Safley,* 482 U.S. 78, 89-91 (1987)). The *Harris* court found that that

segregation of HIV-positive prisoners, with the disclosure of HIV status that necessarily resulted from that segregation, was reasonable. 941 F.2d at 1521 n.39.

Even where, as here, CO Lockwood violated a prison policy by reading the medical request form Plaintiff provided to him, Plaintiff has not alleged sufficient facts to demonstrate that such action violated a constitutional right to privacy under the Fourteenth Amendment. *See e.g., Reed v. Allen,* 379 F. App'x 879 (11th Cir. 2010) (per curiam) (finding prison policy requiring HIV-positive inmates to wear white wristbands did not violate inmates' Fourteenth Amendment privacy rights despite policy's result in non-consensual disclosure of HIV-positive status to other inmates).

Further, Plaintiff's right to privacy claim is also due to be dismissed because he is not entitled to compensatory damages under § 1997e(e) nor to the firing of CO Lockwood. Because Plaintiff has not alleged any physical injuries resulting from the alleged violation of privacy by CO Lockwood, the right to privacy claim should be dismissed. *See Brooks v. Warden,* 800 F.3d 1295, 1307-08 (11th Cir. 2015) (finding no civil § 1983 action can be brought against a jail, person, or correctional facility, for mental or emotion injury, without a prior showing of physical injury or the commission of a sexual act) (quoting § 1997e(e) and citing *Harris v. Garner,* 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*)). Plaintiff has not alleged that he suffered any physical injury resulting from the purported constitutional violation. Thus, his request for compensatory damages arising from the constitutional violation should be dismissed. *Harris*, 216 F.3d at 980.

Although nominal damages may still be recovered even where Plaintiff lacks any physical injury, Plaintiff has not requested nominal damages, nor has he established a violation of a constitutional right, therefore, proceeding with a nominal damages claim is not warranted. *See Hughes v. Lott,* 350 F.3d 1157, 1162 (11th Cir. 2003).

3. Federal Privacy Act Claim

To the extent Plaintiff's allegations can be construed as raising a claim for violation of the federal Privacy Act of 1974, 5 U.S.C. § 552a(b) ("Privacy Act"), the claim is due to be dismissed. The Privacy Act "imposed upon federal agencies an array of record-keeping obligations to prevent unauthorized disclosures of confidential information." *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease and Control and Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010). However, the private right of action under the Privacy Act only applies to federal agencies. *See, e.g., Schwier v. Cox,* 340 F.3d 1284, 1287 (11th Cir. 2003) (holding that non-disclosure obligations under the Privacy Act apply only to federal agencies). Because the Privacy Act does not authorize a cause of action against a state agency or state actor, Plaintiff's claim, to the extent made under § 552a(b) should be dismissed.

## IV. Recommendations

Based upon the foregoing, it is recommended that:

1. Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (per curiam); and,

2. the case CLOSED.

Notwithstanding, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, if he so chooses, by a date certain. *See Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (citations omitted) (finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.). Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under §1915(e) and/or the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eric Kincaid Lee, *Pro Se*
      Inmate Jail No. 19019539
      Monroe County Jail
      Inmate Mail/Parcels
      5501 College Road
      Key West, FL  33040