UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10062-CV-MARTINEZ
MAGISTRATE JUDGE REID

ERIC LEE KINCAID,

    Plaintiff,

v.

TRAVIS D. LOCKWOOD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

    This matter is before the Court on Plaintiff's *pro se* Amended Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 11]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

    Plaintiff, **Eric Lee Kincaid**, is a pretrial detainee currently incarcerated at Monroe County Jail and proceeding in this matter *in forma pauperis*. [ECF No. 5]. Accordingly, Plaintiff's Amended Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2013) (*per curiam*).

    Plaintiff's original Complaint [ECF No. 1] was already screened pursuant to 28 U.S.C. § 1915(e)(2). [ECF No. 8]. Upon such screening, the Court dismissed Plaintiff's Complaint without prejudice because it failed to state a claim upon which relief can be granted and was determined to be frivolous. [ECF Nos. 8, 10]. In dismissing the Complaint, the Court allowed Plaintiff leave to amend to cure the deficiencies identified on screening. [*Id.*]. Plaintiff timely filed the instant Amended Complaint, which is now before the Court. [ECF No. 11].

Upon review of the Amended Complaint, the Undersigned concludes that it is again deficient because it fails to state a claim upon which relief can be granted and **RECOMMENDS** that it be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal should be with prejudice, because Plaintiff has already sought leave to amend in this case and he is not entitled to multiple opportunities to amend. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).

## II. Discussion

Because the Undersigned's October 13, 2020 Report and Recommendation outlined the screening standards under § 1915(e)(2)(B), the Undersigned will not needlessly duplicate the entirety of the standard in this Report. In short, § 1915(e)(2)(B) mandates the Court dismiss a complaint if it fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (*per curiam*). This standard is identical to the standard of review under Fed. R. Civ. P. 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2003) (citation omitted). Upon review, Plaintiff's Amended Complaint does not meet the minimum requirements to proceed.

Plaintiff's allegations are pleaded in a single sentence. In total, Plaintiff alleges that "[o]n 5-7-20 [at] 22:34 T. Lockwood (unintelligible) and code [b]y lo[o]king at a medical request form [b]eing sent to a medical n[u]rse he dated and si[g]ned the medical request making it a legal document." [ECF No. 11 at 2]. In terms of relief requested, Plaintiff is "asking for the Monroe County Sherriff's Office to pay my co[u]rt cost and also com[mi]t Dept. T. Lockwood to retrain in all posi[ti]ons and pay cost in punitive damages of $500,000." [*Id.*].

Even under the most liberal constructions, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), Plaintiff's Amended Complaint is wholly deficient. Despite being instructed on the legal requirements to state a claim under § 1983, Plaintiff does not identify a deprivation of a federal right, nor does he articulate how a person acting under color of state law violated the right. *See Griffin*, 261 F.3d at 1303. Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed. *See Wright*, 740 F. App'x at 694.

As for Plaintiff's relief sought, Plaintiff's request for punitive damages is barred under binding Eleventh Circuit precedent by 42 U.S.C. § 1997e(e), because his claim contains no allegations of a physical injury. *See Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011); *but see Carter v. Allen*, 940 F.3d 1233, 1235 (11th Cir. 2019) (denial of rehearing *en banc*). Although nominal damages may still be recovered even where a plaintiff lacks a physical injury, and despite being informed of this in the Undersigned's prior report, Plaintiff has not requested nominal damages, nor has he established a violation of a constitutional right. Thus, proceeding with a nominal damages claim is not warranted and this case should still be dismissed. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

Finally, as for Plaintiff's request that Monroe County Sherriff's Office pay court costs and be required to retrain Defendant Lockwood, Plaintiff's request is improper because Monroe County Sherriff's Department is not a party to this action, and the Court cannot require them to pay costs or retrain anyone. Accordingly, Plaintiff's Amended Complaint fails in every respect and must be dismissed.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that the Amended Complaint [ECF No. 11] be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted and this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 4th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Eric Lee Kincaid**
19019539
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
*PRO SE*